IN THE COURT OF CRIMINAL APPEALS

OF TEXAS





NO. WR-52,678-02






EX PARTE CECIL RAY MCDONALD, AKA CECIL RAY TRIMBLE, Applicant






ON APPLICATION FOR A WRIT OF HABEAS CORPUS 

FROM LUBBOCK COUNTY

IN CAUSE NO. 2000-434,614

IN THE 364TH DISTRICT COURT




 Per curiam.

 O R D E R


 This is an application for a writ of habeas corpus which was transmitted to this Court
by the clerk of the trial court pursuant to the provisions of Tex. Code Crim. Proc. art. 11.07. 
Applicant was convicted of the offense of felony murder and was sentenced to confinement
for sixty years. Applicant's appeal was dismissed as untimely filed. Trimble v. State, No. 07-02-0101-CR (Tex. App.--Amarillo, delivered March 5, 2002, no pet.).

 Applicant contends that counsel was ineffective in failing to perfect appeal. The trial
court has entered findings of fact or conclusions of law finding that counsel was ineffective. 
However, we do not believe that those factual findings are sufficient to completely resolve
the issues presented. Because Applicant has stated facts requiring resolution and because this
Court cannot hear evidence, it is necessary for the matter to be remanded to the trial court for
resolution of those issues. The trial court may resolve those issues as set out in Tex. Code
Crim. Proc. art. 11.07, § 3 (d), in that it shall order affidavits, depositions, or interrogatories
from counsel or it may order a hearing. In the appropriate case the trial court may also rely
on its personal recollection. 

 If the trial court elects to hold a hearing, it shall first decide whether Applicant is
indigent. If the trial court finds that Applicant is indigent and Applicant desires to be
represented by counsel, the trial court shall then, pursuant to the provisions of Tex. Code
Crim. Proc. art. 26.04, appoint an attorney to represent him at the hearing. 

 The trial court shall then make findings of fact as to whether counsel failed to timely
file notice of appeal, and, if so, why. The trial court shall also make any further findings of
fact and conclusions of law it deems relevant and appropriate to the disposition of the
application for writ of habeas corpus.

 Because this Court does not hear evidence, Ex Parte Rodriquez, 334 S.W.2d 294
(Tex.Crim.App. 1960), this application for a post-conviction writ of habeas corpus will be
held in abeyance pending the trial court's compliance with this order. The trial court shall
resolve the issues presented within 90 days of the date of this order. (1) A supplemental
transcript containing any affidavits, the transcription of the court reporter's notes from any
interrogatories or hearings held, along with the trial court's findings of fact and conclusions
of law, shall be returned to this Court within 120 days of the date of this order. (2)


 IT IS SO ORDERED THIS THE FIRST DAY OF FEBRUARY 1 , 2006.





 

DO NOT PUBLISH 
1. In the event any continuances are granted, copies of the order granting the continuance
should be provided to this Court.
2. Any extensions of this time period should be obtained from this Court.